## MARY ANN PITTS *vs.* STEPHEN A. ALDRICH.

In a suit to foreclose a mortgage which the wife of the mortgagor has signed for the purpose of releasing dower, it is not necessary to join her as a defendant, in order to defeat her inchoate right of dower in the equity of redemption.

BILL IN EQUITY to redeem a mortgage of land.

It was agreed that the plaintiff's husband executed the mortgage, in August 1847, she joining therein to release her right of dower; that the mortgage was assigned in October 1847 to Henry Goulding, who in February 1850, in an action against the plaintiff's husband alone, obtained conditional judgment for possession of the premises, for breach of condition of the mortgage, and was duly put in possession thereof in April 1850, and so remained until August 1852 when he assigned the mortgage and conveyed all his interest in the premises to the defendant, who then entered into and has ever since remained in possession thereof. In October 1850 the defendant purchased the equity of redemption of the plaintiff's husband in the premises from his assignee in insolvency. The plaintiff's husband died in November 1858. The plaintiff never had notice that the defendant had entered upon or held possession of the premises for the purpose of foreclosing her right of redemption therein; and she has never released her right to dower in the equity of redemption.

On these facts, the case was reserved by *Hoar*, J., for the determination of the whole court.

*S. A. Burgess*, for the plaintiff.

*G. F. Hoar*, for the defendant.

Colt, J. The plaintiff for the purpose of releasing her dower in the premises joined in a deed of mortgage given by her husband to secure the payment of a debt, and she has thereby barred her right to dower in the mortgaged premises, if before bringing her bill the holder of the mortgage has legally foreclosed the same. The mortgagee in such case has only appropriated the premises, in the manner authorized by the mortgagor by his conveyance, to the payment of the debt for which it was pledged; and to such appropriation by foreclosure for breach of condition the married woman consents when she releases her right, and cannot complain if she thereby loses her dower in the equity of redemption.

The case finds that the mortgage was foreclosed by the assignee of the mortgagee by an action at law brought against the mortgagor, who was also then tenant of the freehold. To this proceeding it is true the plaintiff was not made a party; nor was it necessary or proper that she should be, under our statute which authorizes the foreclosure by an action for possession, which is to be like a writ of entry "against whoever is tenant of the freehold." Gen. Sts. *c.* 140, §§-2, 8. The decisions of other states requiring the wife or widow to be made a party to proceedings in equity for foreclosing a mortgage in which she has released dower have no application in this commonwealth where a statute mode of foreclosure is provided which does not require that she should be joined or notified.

No question of merger or of payment of the mortgage by the defendant seems open in the case, for the bill expressly alleges that the defendant entered into possession of the premises under the mortgage and assignment, and has ever since continued in such possession, though he had previously become the owner of the equity of redemption by purchase from the assignee in insolvency of the mortgagor. The decisions of this court most clearly establish that the purchaser of an equity of redemption

from the assignee in insolvency of the mortgagor, who takes an assignment of the mortgage, may set up the mortgage and its foreclosure against a claim of dower made by one who joined in the mortgage for the purpose of releasing it. *Farwell* v. *Cotting*, 8 Allen, 211. *Strong* v. *Converse*, Ib. 557. *Brown* v. *Lapham*, 3 Cush. 551. *Savage* v. *Hall*, 12 Gray, 363.

*Bill dismissed.*